*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* S. J. S. ROSS, Minor.

UNPUBLISHED
December 10, 2025
9:46 AM

No. 376213
Berrien Circuit Court
Family Division
LC No. 2024-000059-NA

Before: M. J. KELLY, P.J., and REDFORD and FEENEY, JJ.

PER CURIAM.

Respondent appeals by right the trial court's order terminating his parental rights to the minor child, SR. For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

When SR was approximately ten years old, she was left in the care of respondent while her mother went to a casino. SR, now 16 years old, testified that at that time, respondent took her into the basement and made her perform fellatio on him until he ejaculated into her mouth. He paid her $10 and told her that he had subjected his older children to the same type of abuse. Although SR eventually disclosed the abuse to her mother, no action was taken. Instead, respondent continued to abuse her by touching her breasts and buttocks in SR's mother's presence.

Following an initial dispositional hearing, the referee found by clear and convincing evidence that there were multiple statutory grounds for termination because of respondent's sexual abuse of SR. The referee then found that it was in SR's best interests to terminate respondent's parental rights. Thereafter, the trial court adopted the referee's findings and recommendations, and entered an order terminating respondent's parental rights.[1]

---

[1] SR's mother's parental rights were not terminated by the trial court's order, and she is not party to this appeal.

This appeal follows.

## II. REASONABLE REUNIFICATION EFFORTS

### A. STANDARD OF REVIEW

Respondent argues that the petitioner failed to make reasonable efforts to reunite him with SR. This issue is not preserved because respondent did not argue before the trial court that petitioner's efforts and services were not adequate. See *In re Atchley*, 341 Mich App 332, 336-337; 990 NW2d 685 (2022). We review unpreserved claims of error in child-protective proceedings for plain error affecting substantial rights. *In re MJC*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 365616); slip op at 2; *In re Utrera*, 281 Mich App 1, 8-9; 761 NW2d 253 (2008). Under the plain-error standard, the respondent must "establish that (1) error occurred; (2) the error was 'plain,' i.e., clear or obvious; and (3) the plain error affected [his] substantial rights. And the error must have seriously affected the fairness, integrity or public reputation of judicial proceedings." *In re Ferranti*, 504 Mich 1, 29; 934 NW2d 610 (2019) (quotation marks, citations, and alterations omitted).

### B. ANALYSIS

"Reasonable efforts to reunify the child and family must be made in all cases except those involving aggravated circumstances." *In re Simonetta*, 340 Mich App 700, 707; 987 NW2d 919 (2022). MCL 712A.19a(2) provides, in relevant part, as follows:

> (2) . . . Reasonable efforts to reunify the child and family must be made in all cases except if any of the following apply:
>
> (a) There is a judicial determination that the parent has subjected the child to aggravated circumstances as provided in section 18(1) and (2) of the child protection law, 1975 PA 238, MCL 722.638.

The trial court must find by clear and convincing evidence that aggravated circumstances exist before reasonable efforts are not required. *In re Simonetta*, 340 Mich App at 712.

Petitioner sought termination of respondent's parental rights at the initial disposition hearing pursuant to MCL 722.638 because of respondent's alleged sexual abuse of SR. At the adjudication of the petition, the trial court found by a preponderance of the evidence that grounds to assume jurisdiction over SR existed on the basis of SR's undisputed testimony about respondent making SR perform fellatio on him when she was 10 years old.

Thereafter, following the initial dispositional hearing, the trial court found that SR's testimony provided clear and convincing evidence that the allegations of abuse in the petition were true and established that respondent had subjected SR to sexual abuse including criminal sexual conduct involving penetration, which constituted statutory grounds for termination pursuant to MCL 712A.19b(3)(k)(*ii*), as well as other statutory grounds. The court also determined that termination was in SR's best interests.

"In light of its stated findings, the trial court satisfied the MCR 3.977(E) requirements necessary to terminate respondent's rights at the initial dispositional hearing." *In re Rippy*, 330 Mich App 350, 358; 948 NW2d 131 (2019). The trial court explicitly found by clear and convincing evidence that respondent's conduct met the definition of criminal sexual conduct involving penetration and that there was "no question" that respondent, SR's legal father, subjected SR to sexual abuse and penetration "as defined by law." When making those findings, the court was aware of the issue concerning the exceptions stated under MCL 712A.19a(2), resolved the dispute, and supported its resolution with adequate factual findings to permit appellate review. "These findings amount to a judicial determination that respondent subjected [SR] to aggravated circumstances as provided in [MCL 722.638(1)(a)(*ii*)] and (2)." *Id*. "Therefore, under MCL 712A.19a(2)(a), [petitioner] was not required to make reasonable efforts to reunite respondent with [SR], and respondent's argument that [petitioner] failed to make reasonable efforts has no merit." *Id*. at 359.

Affirmed.

/s/ Michael J. Kelly
/s/ James Robert Redford
/s/ Kathleen A. Feeney